IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK C. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 1:19-CV-336-WHA |
| | )                    [WO] |
| SHERIFF VALENZA, *et al*., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, when he filed this action, brings this complaint under 42 U.S.C. § 1983. This action is pending on Plaintiff's complaint against Sheriff Donald Valenza and the Health Department of Dothan. Doc. 1. Upon review, the court concludes that dismissal of Plaintiff complaint against the Health Department of Dothan prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I.  DISCUSSION**

In his complaint, Plaintiff names as a defendant the "Health Department of Dothan." Doc. 1 at 1. As the city of Dothan, Alabama, does not have a Health Department, Plaintiff presumably means to name as a defendant the Houston County Health Department, which is located in Dothan. *See* Alabama Public Health, http://www.alabamapublichealth.gov/houston/index.html (last visited July 26, 2019). The Houston County Health Department is an agency of the Alabama Department

---

[1] The court granted Plaintiff's request for leave to proceed in this action *in forma pauperis*. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

of Public Health. *See id*. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's Complaint against the state Health Department of Dothan is "based on an indisputably meritless legal theory," this Defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendant Health Department of Dothan be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Health Department of Dothan be DISMISSED with prejudice and terminated as a party prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

3. This case be REFERRED to the undersigned for further proceedings.

It is further

ORDERED that **on or before August 9, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 26th day of July 2019.

                                     /s/ Charles S. Coody  
                              UNITED STATES MAGISTRATE JUDGE